UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GARY BRUNSON, DONNA BUSCHE, and WALTER TAMOSAITIS,<br><br>                Plaintiffs,<br><br>    v.<br><br>BECHTEL NATIONAL INC.; BECHTEL CORPORATION; URS CORPORATION; and URS ENERGY & CONSTRUCTION, INC.,<br><br>                Defendants. | No.  2:13-CV-5013-EFS<br><br>**ORDER UNSEALING FILINGS** |

    The Court has analyzed each sealed document in this case to determine whether sealing is justified. Based on that review, the Court finds that a number of documents should be unsealed at this time and directs unsealing as outlined below.

    "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir. 1995) (quoting *Nixon v. Warner Commc'ns*, Inc., 435 U.S. 589, 598 (1978)). There exists, however, a "strong preference" for public access to court documents, and courts are to begin with a presumption that documents in the judicial record should be accessible to the public. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

ORDER - 1

1092, 1097 (9th Cir. 2016). When documents have been placed under seal based on general justifications, rather than an individual analysis of each document, it may be appropriate for a court to conduct a review to determine whether sealing is justified in each instance. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1186 (9th Cir. 2006). "[F]actors relevant to a determination of whether the strong presumption of access is overcome include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material.'" *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).

The first class of documents under seal in this case are filings by the Government and corresponding orders by the Court that were entered prior to settlement. These filings primarily consist of motions by the Government requesting extensions of time to intervene and orders by the Court addressing these requests.

The Court notes that these documents were appropriately sealed when filed due to the application of the False Claims Act sealing requirement. *See* 31 U.S.C. § 3730(b). This sealing requirement is designed to facilitate Government investigations of qui tam claims under the False Claims Act prior to the Government's decision to intervene. *See United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995). After intervention and settlement, however, the False Claims Act itself provides no indication that pre-intervention filings must remain under seal. *See generally id.; see also Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003).

ORDER - 2

Accordingly, the Court has weighed whether the contents of these filings continue to warrant sealing.

Weighing all interests, the Court finds that partial unsealing is appropriate. Accordingly, ECF Nos. 9, 12, 15, 17, 18, 19, 20, 21, 22, 23, 27, 29, 31, and 33 will be unsealed. ECF Nos. 8, 11, 16, 24, 26, 28, 30, and 32 will be unsealed **in part,** with the memoranda in support of those filings remaining under seal due to the inclusion of confidential information.

Second, the Court addresses filings related to attorney fees. Upon review, the Court finds that some of these filings should be unsealed.

Counsel for Relators object to the unsealing of some documents related to attorney fees based on unfounded accusations and inflammatory language contained therein. The Court finds, however, that accusations and inflammatory language, alone, are an insufficient basis to justify sealing. *See Kamakana*, 447 F.3d at 1186. Relators' responses to the accusations will also generally be unsealed, and "[a] decent newspaper will not publish . . . accusations without also publishing the skepticism of [the accuser's] credibility." *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 374–75 (9th Cir. 2002). Relators have not submitted evidence of specific prejudice or argued other bases to justify sealing.

Still, as noted above, the Court recognizes that multiple filings made on behalf of Mr. Brunson by his attorney, Mr. Guyer, contain inflammatory and accusatory language, primarily directed towards counsel for Relators. The Court therefore notes that it has

ORDER - 3

found no basis to support accusations of misconduct made against counsel for Relators, and finds that Relators' responses to these accusations will generally be sufficient to create a clear and balanced record. Any media interested in balanced reporting would publish both. Any reasonable person would understand these allegations were utterly without merit. The Lambert Firm has conducted itself ethically in this case.

As such, the Court orders unsealed the documents filed at ECF Nos. 50, 72, 79, 86, 87, 90, 101, 107, 108, 112, 115, 116, 117, 118, and 120.

All other sealed documents will remain under seal based on confidential material contained within those filings, as explained in the Court's sealed order at ECF No. 135.

Accordingly, **IT IS HEREBY ORDERED**:

| ECF Number | Unsealing Directive |
|---|---|
| **8** | Motion to be unsealed, memorandum will remain under seal |
| **9** | Order to be unsealed |
| **11** | Motion to be unsealed, memorandum will remain under seal |
| **12** | Order to be unsealed |
| **15** | Minute entry to be unsealed |
| **16** | Motion to be unsealed, memorandum will remain under seal |
| **17** | Order to be unsealed |
| **18** | Motion to be unsealed |
| **19** | Motion to be unsealed |
| **20** | Supplemental memorandum to be unsealed |

ORDER - 4

| | |
|---|---|
| **21** | Order to be unsealed |
| **22** | Minute entry to be unsealed |
| **23** | Order to be unsealed |
| **24** | Motion to be unsealed, memorandum will remain under seal |
| **25** | Order to be unsealed |
| **26** | Motion to be unsealed, memorandum will remain under seal |
| **27** | Order to be unsealed |
| **28** | Motion to be unsealed, memorandum will remain under seal |
| **29** | Order to be unsealed |
| **30** | Motion to be unsealed, memorandum will remain under seal |
| **31** | Order to be unsealed |
| **32** | Motion to be unsealed, memorandum will remain under seal |
| **33** | Order to be unsealed |
| **50** | Order to be unsealed |
| **72** | Motion to be unsealed, attachment to remain under seal |
| **79** | Motion to be unsealed |
| **86** | Motion to be unsealed |
| **87** | Objection to be unsealed |
| **90** | Order to be unsealed |
| **101** | Motion to be unsealed |
| **107** | Order to be unsealed |
| **108** | Response to be unsealed |
| **112** | Reply to be unsealed |
| **115** | Motion to be unsealed |

ORDER - 5

| | |
|---|---|
| **116** | Sur-reply and attachments to be unsealed |
| **117** | Opposition to motion to be unsealed |
| **118** | Order to be unsealed |
| **120** | Sur-sur-reply to be unsealed |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  26th  day of June 2017.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Civil\2013\5013.Bechtel.public.ord.unseal.record.lc02.docx

ORDER - 6